CHARLES WAITE *vs.* CALVIN DIMICK.

It A. advances money to B. and takes a conveyance of land from B., absolute in form, and at the same time executes an agreement to reconvey the same within two years if so requested, and not otherwise, upon repayment of the sum so advanced, with interest, A. has no right of action to recover back the money advanced by him, nor can he be allowed to prove by parol evidence that the transaction was intended by both parties as a loan.

CONTRACT brought to recover the sum of $2000, money had and received. The writ was dated July 19th 1864; and the answer denied the plaintiff's claim, and set up the statute of limitations.

At the trial in the superior court, before *Ames,* J., the evidence tended to show that on the 9th of October 1857 the plaintiff held the defendant's note for $1000, and then let the defendant have $1000 more, taking a deed of certain real estate, and giving the following written agreement in return: " Boston, Oct. 9, 1857. Received of Calvin Dimick this day one deed of land, on the corner of Hampshire and Cambridge Streets, containing 10,000 square feet, more or less, for the sum of two thousand dollars; and it is agreed and understood between the parties that, if Calvin Dimick shall pay back the two thousand dollars and six per cent. interest within two years from this date, then the said Waite shall deed back the same land to the said Dimick, if so requested by said Dimick, and not without."

The note of $1000 was thereupon taken up and cancelled. The defendant has never repaid the $2000 or claimed a reconveyance of the real estate of the plaintiff. The plaintiff offered to prove by oral evidence that the real transaction between the parties was a loan of money, for which the land was to stand as security, and that the defendant had repeatedly recognized the transaction as of this character, and promised to repay the money; but the judge rejected the evidence, and ruled that the plaintiff was not entitled to recover. A verdict was accordingly rendered for the defendant, and the plaintiff alleged exceptions.

*J. Nickerson,* for the plaintiff.

*J. C. Dodge,* for the defendant.

DEWEY, J. A party holding a legal promise to pay money, to secure the payment of which the debtor has also given a mort-gage of real estate, may undoubtedly proceed for the recovery of his debt by a personal action for the same; but the objection which arises in the present case is as to the sufficiency of any competent evidence to establish such independent promise to pay the plaintiff any sum of money. Applying the well established rules of law to the case, and confining the legal obligations of the parties to such as arise upon the written instruments executed by them, no such promise is shown. The parties chose to give a different character to their dealings than that of a promissory note secured by a mortgage. On the contrary, the plaintiff gave up the note previously held for one thousand dollars of the alleged indebtedness, upon receiving the deed of the defendant of a parcel of land, and took no written promise from the defendant to pay any portion of that sum, or the remaining one thousand dollars that was paid by him. He received an absolute title to the premises; and gave back a stipulation securing to the defendant, if he should request it, a reconveyance of the same, upon his paying back two thousand dollars and six per cent. interest within two years.

The proposed oral evidence was properly rejected as incompetent. *Flint* v. *Sheldon,* 13 Mass. 446. *Lincoln* v. *Parsons,* 1 Allen, 388. *Howe* v. *Walker,* 4 Gray, 318. *Goodrich* v. *Tong-ley,* Ib. 379.

The plaintiff still holds the title to the real estate, and has, as it would seem, a perfect title thereto. No particular time was stated in which the defendant agreed to repay the money advanced to him, and the only stipulation having any bearing in reference thereto is that found in the plaintiff's contract binding himself to reconvey the premises, if this sum with interest should be paid to him within two years. This can hardly be deemed a stipulation for a loan for two years, but rather a security that the party should be restored to his estate, if such sum was paid within that period. If the plaintiff was entitled to charge the defendant for money had and received, by reason of this payment of two thousand dollars, it would be questionable whether

the claim would not be held barred by the statute of limitations. It would be so, considering the indebtedness to have accrued at the time the money was advanced and the deed taken. The oral evidence offered, if admitted, would only show a loan of money without any promise to repay it at a future day named, leaving the time of payment to the common law rule in such cases, as a debt due on demand. We think that upon the proper effect being given to the written instruments by which the parties have declared their purposes as to this conveyance, and the payment of money by the plaintiff, they fail to establish a right to maintain the present action. The oral evidence being properly excluded, the exceptions must be overruled.

*Exceptions overruled.*